IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MARLIN SANTANA THOMAS, | ) |
| Plaintiff, | ) No. 4:24-cv-00039-SMR-HCA |
| v. | ) |
| | ) **INITIAL REVIEW ORDER** |
| UNITED STATES OF AMERICA, VIRGINIA BRUNER, AMY L. JENNINGS, MARK KRIKBAUM, KYLE J. ESSLEY, and BRADY CARNEY, | ) |
| Defendants. | ) |

Plaintiff Marlin Santana Thomas brings this complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). ECF No. 1 at 3. He has also filed a supplement in support of his complaint. ECF No. 3. *Bivens* is the federal civil rights equivalent against federal officials as § 1983 is to state actors. *Farah v. Weyker*, 926 F.3d 492, 497 (8th Cir. 2019). All defendants in this action are employed by the federal government. ECF No. 1 at 2–3. Jurisdiction is predicated on 28 U.S.C. § 1343. *See id.* at 3. Thomas also applies to proceed without prepayment of fees. ECF No. 2.

I.     **INITIAL REVIEW STANDARDS**

The Prison Litigation Reform Act requires federal courts to review all prisoner complaints filed against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). On review, the Court must identify the cognizable claims or dismiss the complaint, or any part of it, that it determines (a) is frivolous or malicious, (b) fails to state a claim upon which relief may be granted, or (c) seeks monetary relief from a defendant who is immune from such relief. *Id.* at § 1915A(b).

A claim is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A pro se complaint "must be held to 'less stringent standards than formal pleading drafted by lawyers.'" *Rinehart v. Weitzell*, 964 F.3d 684, 687 (8th Cir. 2020) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). The Court must weigh all factual allegations in favor of the plaintiff unless the facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (determining what is "clearly baseless" is left to discretion of court ruling on *in forma pauperis* petition). Although Federal Rule of Civil Procedure 8(a)(2) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678–79 (citations omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A complaint states a plausible claim for relief when its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

**II.     DISCUSSION OF CLAIMS**

Thomas is currently serving a 24–month revocation sentence for violating his federal supervised release.[1] ECF No. 1 at 5. The claims alleged here, however, arose from a prior federal prosecution. *Id*.

"In 2018, Thomas pleaded guilty in the Southern District of Iowa to one count of conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846." *United States v. Thomas*, 58 F.4th 964, 966 (8th Cir. 2023). "In exchange, the Government agreed to dismiss the other four counts of the indictment. The plea agreement also contained a "No Further Prosecution" clause." *Id*. The United States Court of Appeals for the Eighth Circuit held this clause prevented the Government from prosecuting Thomas on seventeen counts related to sex trafficking, facilitating prostitution, and drug offenses because all counts arose from or were directly related to the 2018 plea agreement. *Id*. at 974.

> The two cases shared prosecutors, DMPD officers, witnesses, and subject matter—Thomas's heroin distribution and sex trafficking." *Id*. Early 2018 victim statements, cellphone searches, and subpoenaed records gave rise to later-identified alleged sex-trafficking victims and corroborated their accounts. The 2020 seventeen-count indictment was therefore the outgrowth of efforts rooted in that early 2018 investigation.

*Id*.

Thomas alleges Defendants violated his constitutional rights when they breached his plea agreement. ECF No. 1 at 4. He asserts Defendants damaged his reputation "which caused a tremendous amount of personal humiliation, shame, along with mental anguish, pain and suffering," and it was cruel and unusual punishment to charge him with the additional offenses.

---

[1] *United States v. Marlin Santana Thomas*, Southern District of Iowa, Case No. 4:18-cr-51, ECF No. 143.

*Id*. He seeks monetary damages against the prosecuting attorneys in this case as well as the case agent. *Id*. at 9. For the reasons discussed below, the complaint must be dismissed.

First, while *Bivens* allows for a cause of action for damages against federal officials, Thomas may not bring a *Bivens* claim against the United States. *Patel v. United States Bureau of Prisons*, 515 F.3d 807, 812 (8th Cir. 2008) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."). Claims against the United States are dismissed.

Second, prosecutors are immune from suit for money damages based on actions taken in the course of their official duties. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). This includes immunity for federal prosecutors facing a claim pursuant to *Bivens*. *Hartman v. Moore*, 547 U.S. 250, 261–62 (2006) (applying *Imbler* to federal prosecutor). Thomas adamantly opposes any immunity extended to the prosecutors. ECF No. 3. at 6. However, he fails to present any authority for ignoring this long-recognized immunity to prosecutors exercising prosecutorial discretion. Indicting and prosecuting Thomas in these circumstances is a core function of the office and is well within the course of the prosecutor's duties. As such, Defendants Bruner, Jennings, Krickbaum, and Essley are immune from the claims of Thomas.

Thomas also names Brady Carney, a Des Moines Police Officer who was allegedly acting under color of federal law when conducting his investigation. ECF No. 1 at 7 (alleging Carney was federal investigator working in tandem with other defendants). Carney was involved in the investigation of the heroin case, and later became aware Thomas was also allegedly involved in crimes of prostitution and sex trafficking. *Thomas*, 58 F.4th at 969. This investigation occurred in

2019 and 2020. *Id*. Thomas was indicted on the seventeen sex trafficking charges in August 2020. *Id*. at 970.

"*Bivens* actions are governed by the same statute of limitations as section 1983 actions. *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995). "[T]he state statute of limitations for personal injury torts [i]s the appropriate period of limitations of all § 1983 cases." *DeVries v. Driesen*, 766 F.3d 922, 923 (8th Cir. 2014) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). Iowa law provides a limitation period of two years for personal injury claims. Iowa Code § 614.1(2). Thus, Iowa's two-year personal injury statute of limitations applies to this *Bivens* action. Because all of the events involving Carney occurred prior to August 2020, the claims against him are barred by the applicable statute of limitations.

Even if the claims against Carney are not barred by the statute of limitations, the allegations here are not sufficient to state a viable cause of action under *Bivens*. The Supreme Court has only identified three viable causes of action under *Bivens*. *Ahmed v. Weyker*, 984 F.3d 564, 567 (8th Cir. 2020). The first was *Bivens* itself, which found a cause of action under the Fourth Amendment existed for a warrantless search and illegal arrest. *Id*. at 568. The second situation was presented in *Davis v. Passman*, 442 U.S. 228 (1979), where the Court recognized a sex discrimination claim under the procedural due process clause of the Fifth Amendment. *Id*. The third was found in *Carlson v. Green*, 446 U.S. 14 (1980), where the Court allowed an Eighth Amendment claim of cruel and unusual punishment to proceed regarding deliberate indifference to the inmate's serious medical condition. *Id*. Otherwise, the Supreme Court disfavors adding "to the claims allowed under *Bivens*" as it is seen as encroaching on the powers of Congress. *Id*. at 567 (citing *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017).

Thus, a case may proceed as a *Bivens* action only if a case "presents" one of the three claims previously recognized in *Bivens*, *Davis*, or *Carlson*. *Id*. If it does not, the Court must ask "whether 'any special factors counsel hesitation before implying a new cause of action.'" *Id*. (quoting *Farah v. Weyker*, 926 F.3d 492, 498) (8th Cir. 2019)). If there is "reason to pause before applying *Bivens* in a new context," then the Court must reject the claim. *Id*. at 567–68.

Thomas alleges Defendants violated the following rights:

A. AMENDMENT V: PROVISIONS CONCERNING DUE PROCESS OF LAW AND JUST COMPENSATION CLAUSES
B. AMENDMENT VIII: BAIL-PUNISHMENT
C. AMENDMENT XIV: RIGHT GUARANTEED: PRIVLEGES AND IMMUNITIES OF CITIZENSHIP, DUE PROCESS AND EQUAL PROTECTION

ECF No. 3 at 2. Thomas does not specify what facts support each claim, but the Court liberally construes his complaint to use all facts to support all claims. *See Rinehart*, 964 F.3d at 687.

Thomas alleges a violation of his due process rights under the Fifth Amendment. Even if Thomas is arguing Defendants violated substantive due process by violating the terms of his plea agreement, such argument does not apply to Carney who was only involved in the investigation of the case and not authorized to make any decisions regarding the prosecution of the case. Moreover, the Supreme Court in Davis recognized a *procedural* not a substantive due process claim, and the underlying allegations were on workplace sex discrimination. *Davis*, 442 U.S. at 230–31. The Court does not find the allegations against Carney similar to *Davis*.

The same is true for the claims Thomas makes under the Eighth Amendment. *Carlson* concerned "the gross inadequacy of medical facilities" at the federal correctional center and the failure of Defendants to provide adequate medical attention after Carlson suffered an asthmatic attack. *Carlson*, 446 U.S. at 16, n.1 (alleging deficiencies caused Carlson's death). Thomas does not allege Carney was deliberate indifference to a serious medical condition of Thomas. The Court finds no sufficient similarities to Carlson to allow the claim to proceed.

Thomas's claims based on the Fourteenth Amendment also fail because "the Fourteenth Amendment, by its very terms, applies only to state actors, not to federal officials." *Clutts v. Lester*, No. 20-CV-80-CJW-KEM, 2023 U.S. Dist. LEXIS 99836, at *10 (N.D. Iowa June 8, 2023) (citing U.S. Const. amend. XIV).

Because the claims made against Carney are significantly different and distinct from any cause of action previously recognized by the Supreme Court, the Court must now ask "whether 'any special factors counsel hesitation before implying a new cause of action.'" *Ahmed,* 984 F.3d at 567. There is no limited definition of "special factors counselling hesitation," but the question is "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weight the costs and benefits of allowing a damages action to proceed." *Ziglar*, 582 U.S. at 136. A "special factor counselling hesitation" is one which causes "a court to hesitate before answering that question in the affirmative." *Id*.

The Court finds the facts alleged here to be similar to the allegations made by the plaintiffs in *Ahmed*, 984 F.3d at 565. There, plaintiffs were charged and detained as participants in a sex trafficking scheme based on the false statements and reports of the federal officer defendant. *Id*. at 565–66. After concluding the facts were meaningfully different from any previously recognized *Bivens* claim, the Court of Appeals considered whether any special factors counsel hesitation before implying a new cause of action. *Id*. at 568–70.

The *Ahmed* Court did have concerns. It was first concerned about the risk of interfering with the executive branch's investigative functions. *Id*. It recognized the substantial costs to public officials having to litigate these types of cases, "including 'the diversion' of public resources and deterring 'able citizens from . . . public office.'" *Id*. (citing *Harlow v. Fitzgerald*, 457 U.S. 800,

814, 816 (1982)). The Court of Appeals conceded that such costs may be worth the price, "but Congress is better equipped than we are to make the call." *Id*. at 570-71 (8th Cir. 2020).

The Court of Appeals also considered the availability of other remedies to the plaintiffs. *Id*. at 571 (noting availability of Hyde Amendment remedies to criminal defendants who prevail against vexatious, frivolous, or bad faith positions taken by the government and for those who are wrongly convicted and sentenced). Like the plaintiffs in *Ahmed*, Thomas has such remedies available to him. This factor, in and of itself, "is 'a convincing reason' not to extend *Bivens*." *Id*.

As in *Ahmed*, these concerns also give this Court reason to pause before applying *Bivens* in this new context. As such, the Court rejects Thomas's allegations as a new *Bivens* claim. *Id*. 567–68.

Finally, Thomas alleges his character was "assassinated" and his name was "defamed due to being illegally charged with such infamous offenses." ECF No. 3 at 7. To the extent Thomas is alleging state court claims of defamation, the Court declines to exercise supplemental jurisdiction over this state law claims because all federal law claims are dismissed. *Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016) ("A federal district court has discretionary power to decline the exercise of supplemental jurisdiction where the court has 'dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)).

### III.   SUMMARY AND CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Plaintiff Marlin Santana Thomas's claims are **DISMISSED**. *See* 28 U.S.C. § 1915A(b) (court shall dismiss complaint on initial review if complaint is frivolous, malicious, fails to state claim or seeks monetary relief from defendant who is immune). The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Thomas's request for permission to proceed in forma pauperis, ECF No. 2, is **GRANTED**. Based on the financial information he submitted, the Court assesses Thomas no initial partial filing fee, but the $350.00 filing fee shall be paid to the Clerk of Court from the prisoner's account in accordance with 28 U.S.C. § 1915(b). Because Thomas is proceeding in forma pauperis, he is not assessed the administrative fee. A notice of this obligation shall be sent to the appropriate jail official.

**IT IS SO ORDERED.**

Dated this 4th day of March, 2024.

_____
STEPHANIE M. ROSE, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA